THE STATE v. McCARTNEY.

1. **Practice**: ARGUMENT TO JURY NOT WARRANTED BY EVIDENCE: INSTRUCTION TO OBVIATE PREJUDICE. Ordinarily, the refusal to give instructions asked, which are merely in the nature of an answer to arguments of counsel on the other side, is to be commended; but in this case, (for facts see opinion,) the argument complained of had no warrant in the evidence, and was so calculated to prejudice the appellee that an instruction asked by him to obviate the prejudice should have been given.

*Appeal from Delaware District Court.*

WEDNESDAY, MARCH 18.

THIS is a proceeding to charge defendant with the support of a bastard child, of which he is alleged to be the father. There was a judgment for the state upon a verdict of a jury. Defendant appeals.

*Herrick & Doxsee*, for appellant.

*J. H. Shields* and *Calvin Yoran*, for appellee.

ROTHROCK, J.—It appears from the evidence in the case that the child in question is the second bastard child of which the complaining witness is the mother. The whole record of the case, including her own testimony, shows that she has for years been of unchaste character. If her own account of the time, place and circumstances of the alleged illicit intercourse between her and the defendant be true, she is an utterly abandoned and shameless woman. It appears that in September, 1882, she was making her home with one Nicholas McCartney, the father of the defendant. Nicholas McCartney and his wife, both of whom are advanced in years, left their home in charge of the complaining witness for about a month, while they were absent on a visit. The defendant is married, and resides with his wife and three children in a house on the farm, some distance from the house of his father. It was during this absence of the father and mother of the defendant that the complaining witness became pregnant. The evidence shows that two young men, who were at work on the farm, and who boarded and lodged at the house of the defendant, made daily visits to the house where the complaining witness staid, and one of them testified that on one occasion he had sexual intercourse with her in a public road in the neighborhood. The mother of the defendant testified upon the trial that after her return, and when it became known that complainant was pregnant, complainant stated to her that one Parrott was the father of the child. The evidence tends to show that Parrott visited complainant at the house during the absence of defendant's father and mother. The appellee called said Parrott as a witness in rebuttal, and he was asked the question whether he, during the month of September, 1882, or at any other time, had had sexual intercourse with complainant. He refused to answer

the question, upon the ground that he would not criminate himself.

In the argument to the jury, counsel for the state insisted that the evidence showed, and the jury were warranted in believing from the evidence, that Parrott was induced and procured by the defendant or his friends to refuse to answer the question on the ground above stated, and that he had been procured by defendant or his friends to state to counsel for the plaintiff that he never had sexual intercourse with complainant, for the purpose of inducing the plaintiff to put him on the stand as a witness. There was no evidence in the case tending to show that the defendant, or his counsel, or, any of his friends, either directly or indirectly approached the witness Parrott, nor that they had any knowledge as to what his testimony would be. On the contrary, the evidence affirmatively shows that the defendant was innocent of any such interference or procurement. The argument of counsel was, therefore, outside the case as made by the evidence. Whether it was so flagrant a departure from a legitimate and proper presentation of the case to the jury as to warrant a reversal upon that ground, we do not determine. The defendant requested the court to instruct the jury upon this question as follows: "(4) Counsel for plaintiff have argued before the jury that the witness Parrott has been employed or induced by defendant to go upon the stand ostensibly as a witness for plaintiff, for the purpose of inducing plaintiff's counsel to ask him the question whether he had had connection with Theresa Reilley, and that, by the connivance of the defendant, or his friends, said Parrott was induced to refuse to answer said question. Now, on this matter, you are instructed that there is no evidence whatever in any manner tending to show that the defendant had anything to do with the testimony of said witness, and you are instructed that, in the absence of such evidence, you cannot find nor conclude that defendant is responsible for the testimony or conduct of said witness."

·The court refused to give the instruction, and defèndant insists that this ruling was erroneous.    We think the instruction should have been given.    The practice of arguing a case over again, in instructions requested to be given to the jury, is not good practice, and, ordinarily, the refusal to give instructions, which are merely in the nature of an answer to arguments of counsel on the other side, is to be commended.    But in this case the argument complained of had no warrant in the evidence, and the recital we have given of the facts in the case, and many other undisputed facts, which might be cited from the record, including the contradictory statements of the complainant while testifying as a witness in the case, lead us to the conclusion that the instruction should have been given, and that the refusal to give it was prejudicial to the defendant.

REVERSED.